UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOANN BOWSHER, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) CAUSE NO.   1:16-CV-3461 |
| | ) |
| JOHNSON MEMORIAL HOSPITAL GUILD, | ) |
| INC. and JOHNSON MEMORIAL COUNTY | ) |
| HEALTH FOUNDATION, INC., | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Joan Bowsher ("Bowsher"), by counsel, brings this action against Defendant,

Johnson Memorial Hospital Guild, Inc. and Johnson Memorial County Health Foundation, Inc.

("Defendant"), and shows as follows:

## OVERVIEW

1.      This is an employment discrimination action (disability) brought by Bowsher

against Defendant alleging that she was discriminated against because of one or more of her

disabilities as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C.

§12101 et. seq.

## PARTIES

2.      At all relevant times Bowsher lived in the Southern District of Indiana.

3.      Defendant is a corporation that conducts business and maintains offices in

Southern District of Indiana.

4.      Bowsher, at all times relevant, was an 'employee' as defined by 42

U.S.C.§12111(4).  Moreover, Bowsher is disabled, has a record of being disabled, and/or

Defendant regarded her as being disabled as those term is defined by the ADA.

5.      Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42

U.S.C. §12117(a).

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events,

transactions, and occurrences pertinent to this lawsuit have occurred within the geographical

environs of the Southern District of Indiana and all parties are located herein.

8.      Bowsher properly exhausted her administrative remedies when she timely filed a

charge of discrimination (and later amended it) with the U.S. Equal Employment Opportunity

Commission ("EEOC") alleging discriminated based on disability.  A notice of suit rights was

issued on September 22, 2016, and Bowsher now brings this Complaint within ninety (90) days

of receipt thereof.

## FACTUAL ALLEGATIONS

8.      Bowsher began her employment with Defendant on or about March 3, 2015.  She

was employed as a Billing's Representative.

9.      At all times, Bowsher contends she met Defendant's legitimate expectations of

performance.

10.     During her job interview Bowsher disclosed that she had various disabilities.

Notwithstanding these disabilities, Bowsher was capable of performing her job with or without a

reasonable accommodation.

11.     On May 4th, 2015, Bowsher underwent a minor surgery related to one of her conditions.  She immediately advised her supervisor that she had been diagnosed with cancer.

12.     Bowsher's supervisor put her on extended probation and training in response and advised Bowsher that she was not to interact with co-workers about work or training related matters.

13.     On July 2, 2015, Bowsher underwent a second biopsy.

14.     On July 10, 2015, Bowsher gave her some information about cancer patients.

15.     On July 13, 2015, Bowsher saw a specialist who scheduled another surgery.

16.     On July 14, 2015, Bowsher told her supervisor about her upcoming surgery for her cancer.  Defendant fired Bowsher that afternoon.

17.     Thereafter, Defendant denied having knowledge of Bowsher's medical condition(s).

18.     Bowsher has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATIONS OF THE ADA

19.     Bowsher incorporates by reference paragraphs one (1) through eighteen (18).

20.     Defendant discriminated against Bowsher because of her disability, because of her history of being disabled, and/or because Defendant perceived Bowsher as being disabled.

21.     Defendant afforded other employees more training and the ability to interact with co-workers while performing their job duties, but not Bowsher.

29.     Bowsher has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joan Bowsher, respectfully demands judgment against

Defendant in her favor and requests that the Court grant the following relief:

a)  An Order awarding Bowsher the wages she lost and the value of the benefits she lost as a result of her unlawful termination;

b)  An Order awarding Bowsher compensatory and punitive damages for an intentional violation of her rights as provided for by the ADA;

c)  An Order awarding the costs of this action;

d)  An Order awarding reasonable attorneys' fees;

e)  An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f)  An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

GIBBONS LEGAL GROUP, P.C.
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone:     (317) 706-1100
Facsimile:     (317) 623-8503
E-Mail:   phil@gibbonslegalgroup.com

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:     (317) 500-0700
Facsimile:     (317) 581-6110
E-Mail:   indy2buck@hotmail.com

Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

GIBBONS LEGAL GROUP, P.C.
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone:    (317) 706-1100
Facsimile:     (317) 623-8503
E-Mail:   phil@gibbonslegalgroup.com

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:    (317) 500-0700
Facsimile:     (317) 581-6110
E-Mail:   indy2buck@hotmail.com

Attorneys for Plaintiff